# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **WYOMING INTELLECTUAL PROPERTY HOLDINGS, LLC,** | |
| Plaintiff, | **CASE NO. 2:24-cv-336** |
| v. | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC** | |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Wyoming Intellectual Property Holdings, LLC ("Plaintiff" and/or "WIPH") files this complaint against Google LLC ("Defendant" and/or "Google") for infringement of U.S. Patent No. 10,565,888 ("the '888 Patent") and alleges as follows:

## THE PARTIES

1.      Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2.      Upon information and belief, Defendant is a Delaware limited liability company with a principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043, and places of business in this District located at (1) 700 Lakeside Parkway, Flower Mound, Texas 75028; (2) 1201 East Spring Creek Parkway, Suite C-130, Plano, TX 75074; (3) 6205 Coit Road, Suite 336, Plano, TX 75024; (4) 1920 Eldorado Parkway, Suite 600, McKinney, TX 75069; and (5) 2707 Cross Timbers, Suite 122, Flower Mound, TX 75028.

Upon information and belief, Google employs individuals in this Judicial District involved in the repairs, sales and marketing of its products. Upon information and belief, Google does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas. Google may be served with process via its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

4.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.  This Court has personal jurisdiction over Defendant because Defendant conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established minimum contacts with this forum state such that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

6.  Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

7.      Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing methods and systems to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

8.      Defendant maintains regular, physical, continuous, and established places of businesses, including data centers, in this District, which Defendant has established, ratified, and controlled; have employed thousands of employees to conduct their business from this District; and from which they have willfully infringed the Asserted Patents in order to benefit themselves in this District. Defendant commits acts of infringement in this District, including as explained further below by making and using the infringing systems in, and performing at least one step of the accused methods of the Asserted Patents, at their regular and established places of business in this District.

9.      Google has been found to be subject to venue in this District. *See, e.g., Agis Software Development LLC v. Google LLC*, Case No. 2:19-CV-00361-JRG, Dkt. 378.

10.     Defendant has defined places and sets out the physical specifications for its exclusive and separate areas within its service provider locations. Defendant also explicitly retains control over the exclusiveness of the defined places and separate areas as well as their locations, resulting in physical locations for Defendant within this District.

11.     Defendant also has regular, physical presences of Defendant employees in this District conducting Defendant's business. Defendant maintains a regular and established place of business at the Defendant defined places and separate areas at the service provider locations by the regular, physical presence of its employees.

12.    Google's service providers are Google's agents for the purpose of conducting Defendant's business in this District because Defendant provides regular instructions directing their performance of the repairing, refurbishing, warehousing, and packaging services that Defendant offers to its customers.

13.    Defendant retains complete, absolute, and exclusive control over the its exclusive and separate areas within its service provider locations.

14.    Defendant ratifies its exclusive and separate areas within service provider locations because it exercises interim control over their activities and holds out to the public that Defendant's repairing services are being performed at their locations in this District. Within the exclusive and separate areas within their service provider locations, Defendant has absolute control over their conduct. Defendant does not merely use the exclusive and separate areas within the service provider locations within this District, but controls all aspects of their conduct as it pertains to Defendant's exclusive and restrictive exclusive Defendant areas.

15.    As shown above, venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant has regular and established physical places of business in this District and have committed acts of patent infringement in the District.

## **PATENT-IN-SUIT**

16.    On July 5, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '888 Patent, entitled "Instruction Production."  The '888 Patent is attached as Exhibit A.

17.    Plaintiff is the sole and exclusive owner, by assignment, of the '888 Patent.

18. Plaintiff possesses all rights of recovery under the '888 Patent, including the exclusive right to recover for past, present and future infringement.

19. The '888 Patent contains twenty claims including three independent claims (claims 1, 5 and 17) and seventeen dependent claims.

20. The priority date of the '888 Patent is at least as early as February 17, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

21. Plaintiff alleges infringement on the part of Defendant of the '888 Patent.

22. The '888 Patent teaches systems and methods for identifying a difference between an actual action of a user and a standard action for the user, and for producing an instruction to instruct the user to change from the action of the user to the standard action for the user. The systems and methods of the '888 Patent can be used to monitor how a golfer swings his or her golf club, automatically compare the golfer's swing against a preferred golf swing (such as the swing of a professional golfer), and produce an instruction to the golfer. *See* '888 Patent, Abstract and 2:43-54. In some embodiments, the systems and methods take into account the physical health and/or the physical attributes of the user. *See* '888 Patent, 16:11-45.

23. The '888 Patent was examined by Primary United States Patent Examiner Jerry-Daryl Fletcher. During the examination of the '888 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G09B 5102 (2013.01).

24. After conducting a search for prior art during the examination of the '888 Patent, the United States Patent Examiner identified and cited 261 U.S. patents, 82 published U.S. patent applications, and the following articles:

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

5

(1) Tony Olivero, Say Goodbye to Boxing Judges, Jun. 25, 2012, http://online.wsj.com/article/SB1000 l 4240527023047824045774888637093 4l 728.html; and (2) Associated Press, Tiger Woods swing app available, Mar. 23, 2011, http://sports.espn.go.com/golf/news/story?id=6249863, Orlando, Florida; Tony Olivero, Say Goodbye to Boxing Judges, Jun. 25, 2012, http://online.wsj .com/article/SB1000 l 4240527023047824045774888637093 4l 728.html.

25.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '888 Patent to issue.  In so doing, it is presumed that Examiner Fletcher used his knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Fletcher had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '888 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art.  Likewise, the claims of the '888 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Fletcher.

26.    The claims of the '888 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g.,*

*Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

27.    The nominal expiration date for the claims of the '888 Patent is no earlier than July 8, 2034.

## COUNT I
## (Infringement of United States Patent No. 10,565,888)

28.    Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 19, the same as if set forth herein.

29.    This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

30.    Defendant has knowledge of its infringement of the '888 Patent, at least as of the service of the present complaint.

31.    The '888 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32.    Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 5, 9 and 17 of the '888 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Fitbit application installed on multiple products (e.g., smartphones and tablets), that evaluates multiple health parameters for a user such as Heart rate variability and sleep score, received from the Fitbit watch worn by the user ("Products"), which infringe at least Claims 5, 9 and 17 of the '888 Patent. Defendant has infringed and continues to infringe the '888 patent

either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

33. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent, by having its employees internally test and use these exemplary Products.

34. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

35. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

36. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '888 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent.

37. Exhibit B includes at least one chart comparing the exemplary Claims 5, 9 and 17 of the '888 Patent to Defendant's exemplary Products. As set forth in this chart, the Defendant's exemplary Products practice the technology claimed by the '888 Patent. Accordingly, the

Defendant's exemplary Products incorporated in this chart satisfy all elements of the exemplary Claims 5, 9 and 17 of the '888 Patent.

38.     Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

39.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

40.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

41.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

42.     Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1.      Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2.      Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,617,888 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3.      Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284; and

4.      Award Plaintiff such further relief to which the Court finds Plaintiff entitled under

law or equity.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Dated:  May 7, 2024                                    Respectfully Submitted,

*/s/  Randall Garteiser*
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
    Texas Bar No. 24059967
    chonea@ghiplaw.com
M. Scott Fuller
    Texas Bar No. 24036607
    rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

René A. Vazquez
   Virginia Bar No. 41988
   rvazquez@sinergialaw.com
**SINERGIA TECHNOLOGY
LAW GROUP, PLLC**
18296 St. Georges Ct.
Leesburg, Virginia 20176
Telephone: (703) 989-2244

**COUNSEL FOR PLAINTIFF**