**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **WYOMING INTELLECTUAL PROPERTY HOLDINGS, LLC,** § § § § § § § § § § § | |
| Plaintiff, | **CASE NO. 2:24-cv-336 [JRG]** |
| v. | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC,** | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................... 1
STATEMENT OF ISSUE TO BE DECIDED .............................................................................. 2
STATEMENT OF FACTS ............................................................................................................ 2
LEGAL STANDARDS ................................................................................................................ 4
ARGUMENT ................................................................................................................................ 4
I.   PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS ARE NOT
     PLAUSIBLE ..................................................................................................................... 4
II.  PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE
     DISMISSED FOR FAILURE TO STATE A CLAIM ..................................................... 6
CONCLUSION ............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................. 4, 8

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
　No. 2:13-cv-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) (Gilstrap, J.) ......................... 9

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................. 2, 4

*Bot M8 LLC v. Sony Corp. of Am.*,
　4 F.4th 1342 (Fed. Cir. 2021) ................................................................................................ 1, 6

*Commil USA, LLC v. Cisco Sys., Inc.*,
　575 U.S. 632 (2015) ............................................................................................................. 1, 9

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
　No. 6:14-cv-752, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) ..................... 7, 8

*Corydoras Techs., LLC v. Apple Inc.*,
　No. 2:16-cv-538, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) (Gilstrap, J.) ......................... 9

*CTD Networks, LLC v. Google, LLC*,
　688 F. Supp. 3d 490 (W.D. Tex. 2023) ..................................................................................... 5

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
　No. 2:23-cv-00311, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)
　(Gilstrap, J.) ............................................................................................................................. 9

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
　No. 2:17-cv-00662, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018)
　(Gilstrap, J.) ............................................................................................................................. 4

*NorthStar Sys. LLC v. Volkswagen AG*,
　No. 2:22-cv-486, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) .......................... 8

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
　No. 4:19-cv-876, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) .............................................. 5

# TABLE OF AUTHORITIES
(continued)

**Page**

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
　No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) (Gilstrap, J.) ...............1, 4, 7

**STATUTES**

35 U.S.C. § 271............................................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6).....................................................................................................1, 2, 4, 8

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Google LLC ("Google") respectfully moves to dismiss Plaintiff Wyoming Intellectual Property Holdings, LLC's ("WIPH") complaint in its entirety because it fails to state a claim upon which relief can be granted.

*First*, the complaint should be dismissed for failure to state a claim of direct infringement. WIPH "plead[s] itself out of court" with factual allegations that contradict infringement. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). While WIPH asserts that a Fitbit application installed on phones and tablets is the infringing instrumentality, it nonetheless also alleges that a completely separate device (a Fitbit Watch) satisfies one of the elements of the asserted claims. Because they mix and match elements from different products, WIPH's Frankenstein infringement contentions are implausible and should be dismissed.

*Second*, the complaint fails to state a claim for indirect infringement of U.S. Patent No. 10,565,888, including contributory or induced infringement, because it is devoid of any allegations regarding: (i) the lack of substantial non-infringing use for contributory infringement; (ii) the specific intent for contributory or induced infringement; or (iii) the requisite pre-suit knowledge of the asserted patent. *See, e.g., Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (Gilstrap, J.). This Court directs that a viable contributory-infringement claim must set forth factually plausible allegations "that the defendant knew that the combination for which its components were especially made was both patented and infringed" and "the components have no substantial non-infringing use." *Id.* WIPH's complaint falls far below this bar, lacking any allegations about substantial non-infringing uses of the accused products. Moreover, liability for induced infringement "attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). WIPH's complaint fails to plead either requirement.

Finally, the totality of WIPH's inducement claim is a handful of threadbare and formulaic recitations that fail to plead any *facts* suggesting that Google had pre-suit knowledge of the patent or any specific intent to cause infringement.

For these independent reasons, WIPH's complaint should be dismissed "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007).

## STATEMENT OF ISSUE TO BE DECIDED

Should WIPH's claims for direct infringement and indirect infringement be dismissed under Rule 12(b)(6) for failure to state a claim?

## STATEMENT OF FACTS

WIPH filed the complaint alleging infringement of U.S. Patent No. 10,565,888 ("the '888 Patent") on May 7, 2024. Dkt. 1. WIPH alleges infringement by "the Fitbit application installed on multiple products (e.g., smartphones and tablets)." *Id.* ¶ 32.

WIPH attempts to allege that Google directly and indirectly infringes the '888 Patent . *Id.* ¶¶ 28-42. The complaint itself is skeletal, merely reciting the legal standard for direct and indirect infringement without well-pleaded factual allegations:

> Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 5, 9 and 17 of the '888 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Fitbit application installed on multiple products (e.g., smartphones and tablets), that evaluates multiple health parameters for a user such as Heart rate variability and sleep score, received from the Fitbit watch worn by the user ("Products"), which infringe at least Claims 5, 9, and 17 of the '888 Patent. Defendant has infringed and continues to infringe the '888 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

>Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent, by having its employees internally test and use these exemplary Products.

*Id.* ¶¶ 32-33. WIPH also attaches a claim chart. *Id.* ¶¶ 37-38; Dkt. 1-2.

For indirect infringement, WIPH's only allegation regarding Google's knowledge of the asserted patent is based on service of the complaint. *Id.* ¶ 34. WIPH's complaint lacks any factual allegations about Google's pre-suit knowledge. And other than a brief mention of contributory infringement as recited above, *id.* ¶ 32, the complaint lacks any allegations for necessary elements of contributory infringement, including "no substantial non-infringing use." Finally, WIPH's allegations for induced infringement refer to alleged distribution of "product literature and website materials" without any allegations as to how such documentation purportedly induces infringement:

>Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent. See Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).
>
>At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '888 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent.

*Id.* ¶¶ 35-36.

**LEGAL STANDARDS**

To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Accordingly, courts "need not accept as true legal conclusions couched as factual allegations." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662, 2018 WL 6804804, at *1 (E.D. Tex. Sept. 24, 2018) (Gilstrap, J.).

**ARGUMENT**

**I.  PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS ARE NOT PLAUSIBLE**

The complaint should be dismissed because it does not allege sufficient facts for the "non-software" and/or "hardware" limitations that could plausibly support direct infringement by Google.  "[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Ruby Sands*, 2016 WL 3542430, at *2.  "To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

The direct infringement allegations in the complaint and claim chart are internally inconsistent and contradictory.  Having alleged that "the Fitbit application installed on multiple products (e.g., smartphones and tablets)" is the infringing instrumentality (Dkt. 1 ¶ 32), WIPH's chart, nonetheless, alleges that a Fitbit watch (a completely separate device) satisfies one of the elements of the asserted claims.

4

Because WIPH's Frankenstein infringement allegations are internally inconsistent and implausible, the Court should dismiss them. *See, e.g.*, *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-cv-876, 2020 WL 6781566, *4 (E.D. Tex. Nov. 17, 2020) (granting motion to dismiss patent infringement claims because plaintiff's direct infringement theory "contain[ed] a fatal inconsistency" since it was implausible that both "a first-party requestor must supply the initial PIN to the administrator" and for the PIN to be "preset to a default value matching the last four digits of the card number"); *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 499-501 (W.D. Tex. 2023) (granting motion to dismiss patent infringement claim where the plaintiff mixed and matched features of multiple software products to allege patent infringement).

For five limitations in claims 5 and 17, the chart repeatedly states that the Fitbit application on smartphones and tablets comprises the various "components" recited in Claims 5 and 17.

| **Claims 5 and 17** | **Claim Chart (Ex. B)** |
|---|---|
| "a score component configured to assign a score" | "[T]he watch shares health-related information with the Fitbit application" and "it would be apparent for a person having ordinary skills in the art that the <u>application</u> comprises a *score component* that assigns a score."[1]  Dkt. 1, Ex. B at 5, 22. |
| "a selection component configured to select a training plan" | "[T]he <u>Fitbit application</u> suggests a Fitbit premium workout" and "the <u>application</u> comprises a *selection component* configured to select the Fitbit premium workout." Dkt. 1, Ex. B at 8, 24. |
| "an output component configured to cause the Selected training plan to be presented to a user" | "[T]he <u>Fitbit application</u> displays ('*output component*') the suggested Fitbit premium workouts." Dkt. 1, Ex. B at 10, 26. |
| "a reception component configured to receive an indication" | "[T]he <u>Fitbit application</u> displays the suggested Fitbit premium workouts" and "the *reception component* in the <u>application</u> receives an indication." Dkt. 1, Ex. B at 12, 28. |

---

[1] Emphasis added unless otherwise stated.

5

| | |
|---|---|
| "an appointment component configured to appoint the selected training plan" | "[T]he *appointment component* in the <u>application</u> appoints the suggested workout as the current training plan for the user." Dkt. 1, Ex. B at 14, 30. |

In contrast, for the sixth limitation requiring the components to "implement, at least in part, by way of ***non-software***" (claim 5) or be "implemented, at least in part, by way of a ***combination of hardware and software***" (claim 17), the claim chart alleges that each component "is completed by using [a] Fitbit watch ('[non-software/hardware]')":

| **Claims 5 and 17** | **Claim Chart (Ex. B)** |
|---|---|
| "where the score component, the selection component, the output component, the reception component, the appointment component, or a combination thereof implement, at least in part, by way of non-software" | "the process of scoring, suggesting the Fitbit premium workout, displaying the workouts, and implementing the selected workout ('*the score component, the selection component, the output component, the reception component, the appointment component, or a combination thereof*'), is completed <u>by using Fitbit watch ("non-software")</u>, that provides health related information to the Fitbit application installed in the smartphone or tablet." (Dkt. 1, Ex. B at 16, 32) |

While the complaint alleges that each of the claimed "components" are implemented by the Fitbit application installed on various smartphones and tablets, it also inconsistently alleges that the same elements are implemented by the "Fitbit watch," a separate device. Both cannot be true. Accordingly, WIPH's direct infringement claim, as alleged in the complaint and attached chart, should be dismissed because it is implausible on its face. "Where, as here, the factual allegations ***are actually inconsistent with and contradict infringement***, they are likewise insufficient to state a plausible claim." *Bot M8*, 4 F.4th at 1354.

## II. PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

WIPH's complaint also fails to state a claim for indirect infringement. First, as discussed above, the complaint fails to allege direct infringement, which is a required element of indirect

6

infringement. *See Ruby Sands*, 2016 WL 3542430, at *3. But the complaint also fails beyond even this initial threshold.

"To state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use." *Ruby Sands*, 2016 WL 3542430, at *3. And "[t]o state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Id.* Here, while asserting that Google "has infringed and continues to infringe . . . through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271," (Dkt. 1 ¶ 32), the complaint fails to allege facts that plausibly support induced or contributory infringement.

Regarding contributory infringement, the complaint does not offer any allegations that Google "knew that the combination for which its components were especially made was both patented and infringed" or that "the components have 'no substantial non-infringing uses.'" *Ruby Sands*, 2016 WL 3542430, at *3. Indeed, the complaint is devoid of any allegation whatsoever regarding substantial non-infringing uses of the accused products. As such, WIPH has failed to adequately plead contributory infringement. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) (dismissing contributory infringement claims when the complaint was "devoid of any facts" regarding whether the accused products had any "substantial non-infringing uses").

Regarding induced infringement, the complaint does not provide any factual allegations to plausibly support any claim that Google specifically intended a third party to directly infringe and

7

knew that the third party's acts constituted infringement. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-cv-486, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) (dismissing claim when complaint "inadequately pled indirect infringement" because plaintiff "has not sufficiently pled that [defendant] has caused or encouraged infringing activity"); *Core Wireless*, 2015 WL 4910427, at *1, *4 (dismissing induced infringement claims where the complaint failed to allege any facts that defendant "had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement"). WIPH's complaint contains nothing more than a boilerplate restatement of the legal standard for induced infringement: Google has "induc[ed] end users and others" and "intentionally continued to induced infringement . . . by selling exemplary Products to their customers." Dkt. 1 ¶¶ 35-36. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At most, WIPH attempts to satisfy its pleading requirement by alleging that "Google has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims." Dkt. 1 ¶ 35. But as this Court holds, such generic allegations cannot survive Rule 12(b)(6). *See, e.g.*, *Core Wireless*, 2015 WL 4910427, at *4 (holding the complaint failed to plead induced infringement because plaintiff failed to allege facts explaining "how the instructions direct customers to use those products in an infringing manner").

WIPH's indirect infringement claims should be dismissed in their entirety, but should the Court hold otherwise at a minimum, WIPH's claims of indirect infringement against Google ***prior to the filing*** of the complaint should be dismissed. Both induced and contributory infringement require knowledge of the patent allegedly infringed and knowledge of the alleged patent infringement. "Like induced infringement, contributory infringement requires knowledge of the

8

patent in suit and knowledge of patent infringement." *Commil*, 575 U.S. at 639; *see Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-cv-538, 2016 WL 9242435, at *1 (E.D. Tex. Nov. 23, 2016) (Gilstrap, J.) (induced infringement claim "necessarily includes the requirement that [defendant] knew of the patent"); *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-cv-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014) (Gilstrap, J.) (dismissing claims for induced and contributory infringement based on failure to plausibly allege knowledge).

Here, WIPH makes no effort to allege pre-suit knowledge of the asserted patent. Instead, WIPH states only that "Google has knowledge of its infringement of the [asserted patent], **at least as of** the service of the present complaint," which at most supports post-suit knowledge. Dkt. ¶ 30 (emphasis added). Indeed, EETT confirms that such knowledge is limited to allegations of post-suit infringement by stating that "[t]he service of this Complaint . . . constitutes actual knowledge of infringement as alleged here." Dkt. ¶ 34. WIPH never alleged facts plausibly supporting the knowledge required for a claim of indirect infringement based on pre-suit conduct; thus, its pre-suit indirect infringement claims should be dismissed. *See, e.g.*, *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-cv-00311, 2024 WL 1219725, at *6-7 (E.D. Tex. Mar. 20, 2024) (Gilstrap, J.) (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement" claims where plaintiff "failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit"); *Corydoras*, 2016 WL 9242435, at *2-3 (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement" claims).

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's direct and indirect infringement claims.

| | |
|---|---|
| Dated: July 15, 2024 | Respectfully submitted,<br><br>By: */s/ Tharan Gregory Lanier*<br>*by Michael E. Jones, with permission*<br>Tharan Gregory Lanier<br>tglanier@jonesday.com<br>Evan McLean<br>emclean@jonesday.com<br>Gurneet Singh *(Pro Hac Vice Pending)*<br>gsingh@jonesday.com<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: +1.650.739.3939<br>Facsimile: +1.650.739.3900<br><br>I. Sasha Mayergoyz<br>smayergoyz@jonesday.com<br>JONES DAY<br>110 North Wacker Dr., Suite 4800<br>Chicago, IL 60606<br>Telephone: +1.312.782-3939<br>Facsimile: +1.312.782.8585<br><br>Daniele San Román<br>dsanroman@jonesday.com<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA 92121<br>Telephone: +1.858.314.1200<br>Facsimile: +1.844.345.3178<br><br>Michael E. Jones<br>TX State Bar No. 10929400<br>mikejones@potterminton.com<br>Shaun W. Hassett<br>TX State Bar No. 24074372<br>shaunhassett@potterminton.com<br>POTTER MINTON<br>110 N. College Ave., Suite 500<br>Tyler, TX 75702<br>Telephone: +1.903.597.8311<br>Facsimile: +1.903.593.0846<br><br>*Counsel for Defendant Google LLC* |