UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WYOMING INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br><br>Defendant. | CASE NO. 2:24-cv-00336<br><br>JURY TRIAL DEMANDED |

**OPPOSITION TO GOOGLE'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff Wyoming Intellectual Property Holdings, LLC ("Plaintiff" or "WIPH") respectfully submits this Brief in Opposition to Defendant's Motion to Dismiss the Amended Complaint [Dkt. No. 30] ("Google's Motion" or "Motion").

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................1

II.  LEGAL STANDARD..................................................................................................1

III. THE FIRST AMENDED COMPLAINT SUFFICIENTLY AND PLAUSIBLY
     ALLEGES DIRECT INFRINGEMENT .....................................................................2

   A.  WIPH's Direct Infringement Allegations are Consistent ............................................2

   B.  The FAC Sufficiently Identifies the Accused Products ...............................................4

IV.  THE FIRST AMENDED COMPLAINT SUFFICIENTLY AND PLAUSIBLY
     ALLEGES INDIRECT INFRINGEMENT .................................................................5

V.   CONCLUSION............................................................................................................6

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ................................................................................1, 2

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ...................................1

*Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) ....................................2

*Estech Systems, Inc. v. Regus Mgmt. Group, LLC,* 2020 WL 6496426 at *2-3
    (E.D. Tex. Aug. 10, 2020) ..........................................................................................................1

*Jones v. Robinson Prop Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) ..........................................2

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050
    (5th Cir. 1982) ............................................................................................................................1

*Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) .............................2

*Parity Networks LLC v. Cisco Systems, Inc.,* 2019 WL 3940952 at *2 (W.D.
    Tex. July 26, 2019) .....................................................................................................................2

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D.
    Tex. 2016) ...............................................................................................................................1, 6

*Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ..................................................................................1

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593
    (E.D. Tex. 2019) .........................................................................................................................2

## Rules

Fed. R Civ. P. 8(a)(2) ......................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................1

Fed. R. Civ. P. 15(a)(2) ...................................................................................................................2

I.   INTRODUCTION

The Motion raises a collection of fabricated complaints over the adequacy of Plaintiff's allegations in its amended pleading when, in fact, Defendant has been provided with sufficient notice of Plaintiff's theories of infringement and facts (pre-discovery) supporting same. *See, e.g., Estech Systems, Inc. v. Regus Mgmt. Group, LLC,* 2020 WL 6496426 at *2-3 (E.D. Tex. Aug. 10, 2020) ("the standard envisioned by the Federal Rules is not a high one"). As will be discussed in more detail below, Plaintiff's First Amended Complaint ("FAC," Dkt. No. 25) provides sufficient notice and satisfies *Iqbal's* "plausibility" standard.

II.   LEGAL STANDARD

In the Fifth Circuit, the "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting FED. R. CIV. P. 12(b)(6)). "The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'" *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . . '" *Id.* at 936 (quoting *Skinner*, 562 U.S. at 530; Fed. R Civ. P. 8(a)(2)) (alteration in original). The plausibility standard is met when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Id*. Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should generally permit discovery to proceed unless the

complaint recites no more than sheer speculation about the plaintiff's entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

When deciding motions to dismiss, Federal Rule 15(a) instructs the Court to "freely give leave [to amend] when justice so requires," within the discretion of the Court. FED. R. CIV. P. 15(a)(2); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593 (E.D. Tex. 2019). This Court has interpreted Federal Rule 15(a) to "envince[] a bias in favor of granting leave to amend." *Wapp Tech Ltd. P'ship*, 406 F. Supp. 3d at 593 (quoting *Jones v. Robinson Prop Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Indeed, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (internal citation omitted) (holding the district court abused its discretion in denying plaintiffs' request for leave to amend).

### III. THE FIRST AMENDED COMPLAINT SUFFICIENTLY AND PLAUSIBLY ALLEGES DIRECT INFRINGEMENT

Defendant contends that the FAC fails the *Iqbal/Twombly* threshold pleading standard. Google is incorrect, as the FAC specifically alleges facts corresponding to each claim limitation and cites to specific documents detailing Google's infringing system. For example, the FAC specifically alleges how Google, on information and belief, provides all the components that together constitute an infringing system. *See, e.g.,* FAC, ¶ 32 and Exhibit B. Such a recitation of fact is sufficient to provide notice and plausibility. *See, e.g., Parity Networks LLC v. Cisco Systems, Inc.,* 2019 WL 3940952 at *2 (W.D. Tex. July 26, 2019).

A. <u>WIPH's Direct Infringement Allegations are Consistent</u>

Google's argument that WIPHs direct infringement allegations are "internally inconsistent and contradictory" is based on an incorrect reading of the claim language, as well as the claim chart provided in the FAC as Exhibit B. Google's argument is essentially that the FAC alleges the claimed "components" in claims 5 and 17 are implemented by the Fitbit Application installed on various smartphones and tablets, but also alleges that the last element of claims 5 and 17 require that these same components be implemented by a Fitbit Watch. Google then concludes that "[b]oth cannot be true." Motion at 6.

Google's arguments are based on a blatant misreading of the claim language and misinterpretation of WIPH's allegations. The claim element that Google bases its arguments on reads as follows:

> where the score component, the selection component, the output component, the reception component, the appointment component, *or a combination thereof implement, at least in part*, by way of non-software.

> FAC, Exhibit B at 16, 32 (emphasis added).

There is no inconsistency here. Contrary to Google's assertions, implementing the score component, the selection component, the output component, the reception component and the appointment component by a Fitbit application installed on a smartphone or tablet, and also implementing these components or a combination of these components, *at least in part*, by a Fitbit watch can both be true.

Indeed, the claim chart clearly indicates that the Fitbit watch "provides health related information to the Fitbit application installed in the smartphone or tablet." FAC, Exhibit B at 16, 32. This is not inconsistent with the claimed "components" being implemented by a Fitbit application installed on a smartphone or tablet. The claimed components can both be implemented by a Fitbit application installed

on a smartphone or tablet, and the combination of these components can also be implemented, *in part*, by a Fitbit watch that "provides health related information to the Fitbit application installed in the smartphone or tablet."

These recitations of fact in the FAC are sufficient to provide notice and plausibility.

B. <u>The FAC Sufficiently Identifies the Accused Products</u>

Google asserts that "[n]owhere in WIPH's amended complaint is there evidence of any Google or Fitbit product sold by Google, or even a specific class of Fitbit products, that is part of the allegedly infringing system." Motion at 7. This is incorrect.

The claim chart provided in Exhibit B of the FAC provides the following link: https://www.fitbit.com/global/us/products/smartwatches/versa4. FAC, Exhibit B at 22-24. This link takes you to a page that advertises the "Google Fitbit Versa 4" smartwatch, as shown in the following screenshot:



Notably, the web page includes a "Buy on Google Store" button. In addition, the claim chart provided in Exhibit B of the FAC provides the following link: https://help.fitbit.com/manuals/manual_versa_4_en_US.pdf. FAC, Exhibit B at 29. This link takes you to a site that provides access to the owner's manual for the Google Fitbit Versa 4 smartwatch, as well as other Fitbit devices.

Thus, the FAC clearly and unambiguously provides evidence of a Google/Fitbit product sold by Google that is part of the alleged infringing system.

### IV. THE FIRST AMENDED COMPLAINT SUFFICIENTLY AND PLAUSIBLY ALLEGES INDIRECT INFRINGEMENT

The FAC states:

> The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.
>
> FAC at ¶ 34.
>
> Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent. On information and belief, Defendant has also continued to sell the Accused Instrumentalities and distribute product literature and website materials inducing end users and others to use its exemplary Accused Instrumentalities in the customary and intended manner that infringes one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).
>
> FAC at ¶ 35.
>
> At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '888 Patent, literally or by the doctrine of equivalents, by selling exemplary Accused Instrumentalities to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claims 5, 9 and 17, of the '888 Patent.
>
> FAC at ¶ 36.

These plead facts provide sufficient notice and plausibility as to induced infringement, especially when combined with the evidence provided in Exhibit B of the FAC, which provides direct evidence of Google's product literature and website materials that are used to induce end users and others to use its products in the customary and intended manner that infringes one or more claims of the '888 Patent. The plausibility standard is met when the complaint pleads "enough facts to raise a reasonable expectation

that discovery will reveal evidence" in support of the alleged claims. *Script Sec. Sols. L.L.C.*, 170 F. Supp. 3d at 936. Such is the case here.

Google asserts that the FAC "fails to allege direct infringement, which is a required element of indirect infringement." Motion at 8. However, as shown in Section III above, the FAC has plead facts that are more than sufficient to provide notice and plausibility.

Google also asserts that the FAC fails to "allege facts to plausibly support any claim that Google specifically intended a third party to directly infringe and knew that the third party's acts constituted infringement." Motion at 8. This is simply false. The FAC specifically states that [t]he service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here." FAC at ¶ 34. This is sufficient to provide notice and plausibility. Specifically, once Google has actual knowledge of the Complaint (based on the service of the Complaint), its continued distribution of product literature and its continued use of website materials, as evidenced in the claim chart of Exhibit B of the FAC, is plausible evidence of its intentional inducement of conduct that infringes one or more claims of the '6 Patent. Further, as discussed, the plausibility standard is met when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Script Sec. Sols. L.L.C.*, 170 F. Supp. 3d at 936. Such is the case here.

## V.   CONCLUSION

For at least the reasons set forth above, Plaintiff respectfully requests that this Court deny Google's Motion.

Dated: September 20, 2024	Respectfully Submitted

/s/ René A. Vazquez
Christopher A. Honea
   Texas Bar No. 24059967
    chonea@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
    rgarteiser@ghiplaw.com
M. Scott Fuller
   Texas Bar No. 24036607
    rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

René A. Vazquez
   Virginia Bar No. 41988
    rvazquez@sinergialaw.com

**SINERGIA TECHNOLOGY LAW GROUP, PLLC**
18296 St. Georges Ct.
Leesburg, Virginia 20176
Telephone: (703) 989-2244

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system on September 20, 2024.

/s/ René A. Vazquez
René A. Vazquez